IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HSM CONSTRUCTION SERVICES, INC. and HSM MANAGEMENT SERVICES, INC., | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 05-5983 |
| v. | : : | |
| MDC SYSTEMS, INC., | : : | |
| Defendant. | : | |

### MEMORANDUM

BUCKWALTER, S. J.                                                                             October 17, 2007

      Presently before the Court are Defendant's Renewed Motion to Mold the Arbitration Award to Include Prejudgment Interest and Request for Entry of Judgment (Docket No. 15), Plaintiffs' Response (Docket No. 16) thereto, and Defendant's Reply (Docket No. 17).

### I.  FACTS AND PROCEDURAL HISTORY

      The present case stems from a lawsuit regarding the construction of the Rosewood Care Center of St. Charles, Illinois, in which HSM Construction Services, Inc. was named as a defendant.  To aid in its defense of that lawsuit, HSM Construction Services, Inc. hired Defendant MDC Systems, Inc. ("Defendant") to prepare expert engineering reports.

      Plaintiffs HSM Construction Services, Inc. and HSM Management Services, Inc. ("Plaintiffs") claimed that Defendant prepared an unusable expert disclosure report.  As a result, Defendant was not paid for the balance due under the contract.  Defendant then submitted a Demand for Arbitration to the American Arbitration Association seeking relief from Plaintiffs.

The parties went to arbitration and on August 18, 2005, the Arbitration Panel issued its decision in favor of Defendant and holding Plaintiffs jointly and severally liable for $86,969.00.

On April 13, 2006, this Court confirmed Defendant's arbitration award. On May 4, 2006, Plaintiffs filed an appeal of this Court's order. On June 2, 2006, Defendant moved this Court to mold the arbitration award to include prejudgment interest and to enter judgment. At that time, this Court declined to do so because of the pending appeal. On July 9, 2007, the Third Circuit affirmed this Court's decision confirming the arbitration award. On August 15, 2007, Defendant renewed its motion to mold the arbitration award to include prejudgement interest and request for entry of judgment.

For the reasons listed below, this Court will grant Defendant's Motion to Mold the Arbitration Award to Include Prejudgment Interest and for Entry of Judgment.

## II. ANALYSIS

As a threshold matter, Delaware law governs the issues of whether prejudgment interest may be awarded as well as the amount of the interest to be awarded because the underlying contract between the parties states that Delaware law governs it. (Pls.' Ex. A.) Furthermore, the parties agree that Delaware law governs.

Plaintiffs argue that Defendant is not entitled to prejudgment interest because the arbitrators did not award prejudgment interest. Plaintiffs cite to Appoquinimink Ed. Assoc. v. Appoquinimink Sch. Dist., No. 18725, 2003 WL 1794963 (Del. Ch. Apr. 17, 2003) as a case in which no arbitration interest was awarded. However, as Defendant points out, Appoquinimink is unpersuasive because it was not subject to Delaware's version of the Uniform Arbitration Act ("DUAA") as was the present case. Id. at *3 n.23. The parties do not dispute that this case was

subject to the DUAA, and as such prejudgment interest may be awarded under the DUAA. DEL. CODE ANN. tit. 10, § 5718 (2007).

Furthermore, the present case's underlying issue is a contract dispute that has been arbitrated, and as such the Court may award prejudgment interest. Continental Ins. Co. v. Rizzi, No. 91C-04-191, 1992 WL 20022, at *3 (Del. Super. Ct. Jan. 17, 1992) ("I am satisfied that once the arbitrator's award was entered, the enforcement became a contract dispute and that as a court of law, I am empowered to order prejudgment interest."), *overruled on other grounds by* Nationwide General Ins. Co. v. Thomas, No. 93C-12-199, 1995 WL 158599, (Del. Super. Ct. Feb. 27, 1995); Duffy v. Cook, No. 16307, 1998 WL 914267, at *3 (Del. Ch. Dec. 22, 1998) (Discussing the "general rule of allowing prejudgment interest in the case of contract actions").

Additionally, Delaware case law supports an award of prejudgment interest. Continental, 1992 WL 20022, at *3. In Continental, the court required payment of prejudgment interest because an arbitration award made what was a personal injury matter a contract matter and "[t]o allow a party to litigate an arbitration award that had fixed damages without any responsibility for paying interest on that fixed sum would defeat the relatively quick and inexpensive means of dispute resolution arbitration provides." Id. at *3. The present case is factually similar to Continental because the award makes it a contract matter (not to mention the underlying dispute was based on a contract) and Plaintiffs continued to litigate beyond the point of the arbitration award. Under these circumstances, it is appropriate to award prejudgment interest and thus this Court will do so.

Furthermore, Delaware cases that have declined to award prejudgment interest are factually dissimilar from the present case because in those cases the award was not appealed and

the award was paid quickly.  See, e.g., Solarino v. Anthony & Sylvan Pools Corp., No. 03C09045, 2004 WL 2914290, at *5 (Del. Super. Ct. Dec. 15, 2004) ("Here, unlike Continental, Defendant has not appealed or attempted to further litigate the arbitrator's award."); Duffy, 1998 WL 914267, at *3 ("Thus, the only judgment I could render would be a judgment requiring payment of interest for a few weeks on a sum already voluntarily paid.").  Therefore, the Court has determined that in accordance with Delaware case law it will award prejudgment interest to the Defendant.

        The rate of interest at which prejudgment interest is calculated when no rate has been expressed in the contract is "5% over the Federal Reserve discount rate . . . as of the time from which interest is due."  DEL. CODE ANN. tit. 6, § 2301 (2007).  In the present case, the date which will determine when the interest was due is the date of the arbitrator's award, August 18, 2005.  (Pls.' Ex. B.); See Heintz v. Lafferty, No. 00C-05-007, 2003 WL 21831280, at *2 (Del. Super. Ct. Aug. 1, 2003) ("I hold that the rate as of the date of arbitrator's order controls.").  Defendant, without Plaintiffs' objection, has submitted that the Federal Reserve discount rate as of August 18, 2005 was 4.5%.  Thus, the Court accepts 4.5% as the Federal Reserve discount rate, making the rate at which to calculate the prejudgment interest 9.5%.  (Def.'s Reply at 4.)  Defendant has calculated and Plaintiffs have not objected to the calculation, that applying the applicable rate of interest of 9.5% on the arbitration award of $86,969.00 over 748 days (since the date of the award) amounts to $16,931.55 in prejudgment interest.  (Def.'s Reply at 4.)  The Court accepts this calculation as accurate and awards Defendant $16,931.55 in prejudgment interest.

### III.  CONCLUSION

For the reasons stated above, the Court grants Defendant's Motion to Mold the Arbitration Award to Include Prejudgment Interest and for Entry of Judgment.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HSM CONSTRUCTION SERVICES, INC. and HSM MANAGEMENT SERVICES, INC., | : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 05-5983 |
| v. | : : | |
| MDC SYSTEMS, INC., | : : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 17th day of October, 2007, upon consideration of Defendant's Motion to Mold the Arbitration Award to Include Prejudgment Interest and for Entry of Judgment (Docket No. 15), Plaintiffs' Response (Docket No. 16) thereto, and Defendant's Reply (Docket No. 17), it is hereby **ORDERED** that Defendant's Motion is **GRANTED**.

In accordance with the accompanying memorandum, prejudgment interest in the amount of $16,931.55 is awarded to the Defendant.

This case is **CLOSED**.

BY THE COURT:

*s/ Ronald L. Buckwalter, S. J.*
RONALD L. BUCKWALTER, S.J.